**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*3:20 pm, Sep 22, 2025*
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Oluwanisola Abolaji,**

Plaintiff,

v.

Nisola-RoughRiders Futbol Academy, LLC, a Colorado limited liability company;
Rough Riders Holdings, LLC, a Colorado limited liability company;
Impact Sports Performance, LLC, a Colorado limited liability company;
Tony A. Sdao, an individual;
Michael Perry, an individual;
Rylan Reed, an individual;
Derek Robinson, an individual; and
John Does 1–10, additional responsible persons,
Defendants.

Civil Action No. _____

---

**COMPLAINT AND JURY DEMAND (Protective Filing)**

---

## I. INTRODUCTION

1. Plaintiff Oluwanisola "Sola" Abolaji is a Black man of Nigerian descent, a former professional soccer player, and a 49% member-owner and Director of Soccer of Nisola-RoughRiders Futbol Academy, LLC ("NRFA").

2. Defendants executed a freeze-out scheme: diverting NRFA revenues, concealing PPP loan proceeds, fabricating losses, ignoring statutory inspection rights, and terminating Plaintiff after he complained about fraud and racial harassment.

3. Newly produced materials in 2024–2025 (tax returns, profit-and-loss statements, balance sheets, bank statements, invoices, emails, texts, and witness statements) corroborate this misconduct.

4. This protective complaint is filed to preserve claims within applicable statutes of limitation. Plaintiff anticipates amending after discovery in related matters.

## II. JURISDICTION AND VENUE

5. Federal-question jurisdiction exists under 28 U.S.C. §§ 1331 and 1343 (civil-rights claims under Title VII and 42 U.S.C. § 1981).

6. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for state-law claims.

7. Diversity jurisdiction exists under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and parties are of diverse citizenship.

8. Venue and personal jurisdiction are proper in Colorado because Defendants reside and conducted the relevant business here.

## III. PARTIES

- **Plaintiff:** Oluwanisola Abolaji, resident of Frederick, Colorado.
- **Defendant NRFA:** Colorado LLC, principal place of business in Superior, Colorado.
- **Defendant Rough Riders Holdings, LLC:** Majority owner of NRFA.
- **Defendant Impact Sports Performance, LLC:** Controlled NRFA facilities, payroll, and accounts.
- **Defendants Sdao, Perry, Reed, Robinson:** Managers and officers of NRFA and related entities.
- **John Does 1–10:** Persons or entities whose identities are unknown at present.

## IV. FACTUAL ALLEGATIONS (Summary)

9. In 2019–2020, Plaintiff and Defendants formed NRFA under an Operating Agreement (49% Plaintiff / 51% Rough Riders Holdings). Plaintiff also signed a three-year Employment Agreement as Director of Soccer.

10. Defendants obtained PPP funds but cut Plaintiff's salary, withheld profit distributions, and claimed insolvency despite ongoing revenues.

11. Defendants diverted NRFA funds to affiliates, issued insider checks, and abandoned NRFA accounts while claiming losses.

12. Defendants withheld financial records for years despite statutory inspection demands. Partial records produced in 2024–2025 revealed discrepancies.

13. Plaintiff was subjected to racial harassment, slurs, intimidation, and retaliation, culminating in termination.

14. Defendants' conduct destroyed Plaintiff's expectancy to secure an NWSL/USL franchise, causing significant damages.

15. Plaintiff only discovered core facts upon belated receipt of tax returns and financials in 2024–2025. All claims are timely under the discovery rule and equitable tolling.

## V. CLAIMS FOR RELIEF

**COUNT I – FRAUD / FRAUDULENT MISREPRESENTATION & CONCEALMENT (All Defendants)**

Defendants misrepresented the financial condition of NRFA by claiming insolvency while concealing PPP funds, insider transfers, and accurate financials. They knowingly withheld records, provided false spreadsheets, and concealed material facts. Plaintiff relied on these misrepresentations to his detriment, continuing to work and forgoing legal action.

**COUNT II – FRAUDULENT TRANSFER (All Defendants)**
Defendants issued insider checks and transferred NRFA funds to affiliated entities without fair value, including payments in 2020–2021 exceeding $20,000 each. These transfers were intended to hinder Plaintiff's equity and contractual rights. Plaintiff was prejudiced as an equity owner and creditor.

**COUNT III – BREACH OF CONTRACT (NRFA, Rough Riders Holdings, Sdao)**
The Operating Agreement, Contribution Agreement, and Employment Agreement guaranteed Plaintiff salary, severance, and access to financial records. Defendants cut his pay, withheld severance, denied distributions, and refused access to records. These actions breached binding contracts and caused financial harm.

**COUNT IV – BREACH OF FIDUCIARY DUTY (Sdao, Perry, Reed, Robinson, NRFA, Rough Riders Holdings, Impact Sports)**
As managing members and officers, Defendants owed duties of loyalty, care, and good faith. They breached these duties by diverting assets, concealing records, and prioritizing their own interests over Plaintiff's. Plaintiff suffered substantial damages as a result.

**COUNT V – CONVERSION & UNJUST ENRICHMENT (All Defendants)**
Defendants wrongfully took control of PPP funds, Plaintiff's salary, and profit interests, using them for personal or affiliated purposes. By retaining benefits owed to Plaintiff, they were unjustly enriched at his expense.

**COUNT VI – VIOLATION OF STATUTORY INSPECTION RIGHTS (All Defendants)**
Colorado law (C.R.S. § 7-80-408) gives members the right to inspect records. Plaintiff made repeated written and verbal requests from 2020–2025. Defendants refused, violating statutory duties. This caused financial harm and deprived Plaintiff of oversight of his ownership interest.

**COUNT VII – TITLE VII DISCRIMINATION & RETALIATION (All Defendants)**
As a Black man of Nigerian descent, Plaintiff was subjected to racial slurs, graffiti, intimidation, and retaliatory termination. After Plaintiff complained, Defendants cut his pay and removed him from the company. Their conduct constitutes discrimination and retaliation under Title VII.

**COUNT VIII – COLORADO ANTI-DISCRIMINATION ACT (All Defendants)**
Defendants engaged in the same discrimination and retaliation in violation of CADA, causing Plaintiff lost wages, reputational harm, and emotional distress.

**COUNT IX – INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE (All Defendants)**

Plaintiff developed relationships and opportunities to secure an NWSL/USL soccer franchise. Defendants, aware of this expectancy, intentionally undermined him by ousting him and diverting assets. This destroyed Plaintiff's franchise opportunity and caused millions in lost future value.

**COUNT X – 42 U.S.C. § 1981 (All Defendants)**

Defendants interfered with Plaintiff's contractual rights, denying him equal terms and benefits because of race. Their actions prevented Plaintiff from enforcing his employment and ownership contracts on the same basis as white colleagues.

**COUNT XI – DECLARATORY RELIEF (NRFA, Rough Riders Holdings, Sdao)**

Plaintiff's Employment Agreement contains non-compete and NDA provisions. Defendants' threats to enforce these provisions are retaliatory. Under Colorado law, such restrictions are void. Plaintiff seeks a declaration confirming their unenforceability.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment jointly and severally against Defendants for:

a. Compensatory damages exceeding $15,000,000;

b. Back pay, front pay, and emotional distress damages;

c. Punitive damages;

d. Statutory penalties, costs, and attorney's fees;

e. Disgorgement, constructive trust, and claw-back of fraudulent transfers;

f. Injunctive and declaratory relief;

g. Pre- and post-judgment interest; and

h. Such other relief as the Court deems proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**


Oluwanisola Abolaji



Plaintiff, Pro Se
524 Hawthorn Cir.
Frederick, CO 80530
(720) 245-0971
sola@nfa-fk.com